IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIFFANY KEPHART,<br><br>           Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA,<br><br>           Defendant. | CV-06-97-BLG-CSO<br><br>**ORDER** |

Pending before the Court are the following motions:

(1)   Plaintiff Tiffany Kephart's ("Kephart") motion to compel (*Court's Doc. No. 28*);

(2)   Kephart's second motion to compel (*Court's Doc. No. 47*); and

(3)   Defendant National Union Fire Insurance Company of Pittsburg's ("National Union") motion for protective order (*Court's Doc. No. 49*).

**I.   Kephart's Motions to Compel**

In her first motion to compel, Kephart has moved the Court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order requiring National Union to permit the inspection and copying of 140 documents listed on National Union's privilege log.  Without reviewing the documents at issue, however, the Court is unable to determine whether National Union should be compelled to produce them.  Thus, the Court orders that National Union produce all 140 documents listed on its privilege log,

-1-

under seal, for *in camera* review.  See e.g., Dion v. Nationwide Mut. Ins. Co., 185 F.R.D. 289, 291 (D. Mont. 1998).  After reviewing the documents, the Court will order production, if appropriate, by separate order.

Kephart's second motion to compel is not yet ripe for review.

## II.  National Union's Motion for Protective Order

On June 28, 2007, National Union filed a motion for protective order.  See *Court's Doc. No. 49*.  Specifically, National Union seeks an order directing that certain presently scheduled depositions be postponed until after the Court has ruled on two pending motions to compel.  These depositions are scheduled for July 12th and July 13th, in Atlanta, Georgia.  National Union argues that if the motions to compel are granted in whole or in part, the documents would likely be the subject of Kephart's examination of the individuals whose depositions are scheduled in Atlanta.  National Union contends that if this were to occur, Kephart would most likely request further deposition of the same individuals.  Accordingly, National Union believes that postponement of these depositions is appropriate.  National Union indicates that Kephart opposes this motion.

National Union filed this motion only twelve days before the depositions are scheduled to take place.  Within these twelve days is the Fourth of July holiday.  This does not provide

adequate time for briefing allowed by the local rule, nor does it allow time for the Court to issue a ruling.  See *Local Rule 7.1(d)*.  Although the Court may order an abbreviated briefing schedule under this rule, National Union did not seek expedited briefing.[1]  The Court will not rule on an opposed motion without allowing the opposing party time to respond as allowed in the local rules.  Since this cannot be done before the depositions are to be taken, the Court denies National Union's motion for protective order.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) On or before **Wednesday, July 11, 2007,** National Union shall produce all 140 documents listed on its privilege log, under seal, for *in camera* review.

(2) National Union's motion for protective order (*Court's Doc. No. 49*) is **DENIED.**

DATED this 3rd day of July, 2007.

**/S/** Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[1] District Courts have the inherent authority to manage their dockets.  See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (district court possess inherent power to control its docket).  Subsumed in this authority is the ability to render expedited rulings.  See e.g., Hodaka v. City of St. Peters, 2006 WL 3210495 *1 (E.D. Mo. 2006) (court rendering expedited ruling to advance administration of justice).