IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIFFANY KEPHART,<br><br>           Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA,<br><br>           Defendant. | CV-06-97-BLG-CSO<br><br><br><br>**ORDER** |

    Presently pending before the Court are two motions to compel filed by the Plaintiff Tiffany Kephart ("Kephart") pursuant to Fed. R. Civ. P. 37(a).  The first motion seeks an order directing Defendant National Union Fire Insurance Company of Pittsburgh ("National Union") to permit Kephart to inspect and copy 140 documents listed in National Union's privilege log.  The second motion seeks an order directing National Union to permit the inspection and copying of two claims files regarding incidents at Kids' Behavioral Health of Montana, Inc. ("KBH") involving two other girls, also residents at KBH, who asserted that they also had been molested by KBH employee Heath Griffin ("Griffin") at

about the same time that Kephart was a KBH resident.  Since Kephart filed the first motion, National Union has produced some of the 140 documents Kephart seeks. National Union resists all other aspects of the motions to compel.

## I.   BACKGROUND

In her action, which was removed to this Court in July 2006, Kephart alleges that she was a patient at KBH, National Union's insured, from October 17, 2001, until February 2002.  Kephart contends that, while a KBH patient, she was sexually assaulted and otherwise damaged by Griffin.  Kephart had retained counsel by April 2002 (AIG0302).  In March 2003, she submitted a claim for damages to KBH, and filed suit against KBH on March 2, 2004.  The claim was thereafter "disputed, adjusted, defended, and ultimately settled" by National Union.  *See Complaint (Court's Doc. No. 3) at page 2, ¶ 5.*  In March 2004, Kephart's counsel mentioned possible bad faith by National Union in handling this underlying claim (AIG0182).  Her complaint here, filed March 31, 2006, alleges unfair claim settlement practices and negligence and seeks actual and punitive damages.

## II.  FIRST MOTION TO COMPEL

In her discovery requests to National Union, Kephart requested, in Discovery Request No. 4, the production and copying of claims files regarding her claims against KBH.  In response, National Union objected to the production of documents protected

"by the attorney-client privilege and/or attorney work product doctrine and/or materials prepared in anticipation of litigation and/or materials containing or otherwise documenting the mental processes, opinions, conclusions, or legal theories of defendant's attorneys or representative."  *See Answer to Discovery Request No. 4, reproduced in Plaintiff's Motion to Compel, Court's Doc. No. 28, at 2.*  National Union attached a privilege log to its answers, identified as Exhibit B.

Kephart contends that the documents identified on the privilege log, to the extent they can be identified, are not entitled to protection from discovery.  To the extent that the privilege log is inadequate to identify the documents for which protection is sought, Kephart contends that the claims of privilege have been waived.  Kephart also contends that, by relying on advice of counsel in its defense, National Union has waived the attorney-client privilege.

In its brief in opposition to the motion to compel, National Union contends that it has already produced all "ordinary work product", that is, non-opinion work product.  National Union contends that Kephart is not entitled to attorney-client privileged materials or opinion work product.  In addition, National Union contends that there has been no waiver.

On July 3, 2007, the Court ordered that the documents at issue be produced for *in camera* inspection, because the Court

-3-

could not otherwise determine whether production should be compelled.  Having now reviewed the documents the Court rules as follows.

### A.   CONTROLLING AUTHORITIES

Federal courts look to state law to determine the applicability of evidentiary privileges to discovery disputes in diversity actions.  *See* Fed. R. Evid. 501; Roehrs v. Minnesota Life Ins. Co., 228 F.R.D. 642, 644-45 (D. Az. 2005).  Federal law governs assertions of work product protection.  *See* Lexington Ins. Co. V. Swanson, 240 F.R.D. 662, 666 (W.D. Wa. 2007).  With respect to both privilege and work product claims, the party resisting discovery, here National Union, has the burden of establishing the right to withhold documents.  *See* United States v. Union Pacific Railroad Co., 2007 WL 1500551 *3 (E.D.Cal. 2007).  The party resisting discovery has a "heavy burden" of showing why the discovery should not be had.  Roehrs, 228 F.R.D. at 644, *citing* Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

> Fed.R.Civ.P. 26(b)(5) provides:
>
> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Although not expressly stated in this rule, courts have held that a party may satisfy the requirements of the rule by providing a detailed privilege log.  One court recently described the requirements of a privilege log as follows:

> The requisite detail for inclusion in a privilege log consists of a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addresses and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof.

United States v. Union Pacific Railroad Co., *supra* *3 *(citing* United States v. Construction Products Research, Inc, 73 F.3d 464, 473 (2d Cir. 1996)).  *See also* Trudeau v. New York State Consumer Protection Bd., 237 F.R.D. 325 (N.D.N.Y. 2006) ("[A]t a minimum, [a privilege log] should provide facts that would establish each element of the claimed privilege as to each document"); Horton v. United States, 204 F.R.D. 670, 673 (D. Colo. 2002) ("[A] party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the precise reasons the materials are subject to the privilege asserted"); Palmer v. Farmers Insurance Exchange, 261 Mont. 91, 861 P.2d 895 (1993) ("The subject matter and author of each exhibit is critical in determining whether the attorney-client privilege prevents its discovery").  In Construction Products Research, 73 F.3d at 473, the court wrote:

>The privilege log should identify each document and the
>individuals who were parties to the communications,
>providing sufficient detail to permit a judgment as to
>whether the document is at least potentially protected from
>disclosure.  Other required information, such as the
>relationship between ... individuals not normally within the
>privileged relationship, is then typically supplied by
>affidavit or deposition testimony.  Even under this
>approach, however, if the party invoking the privilege does
>not provide sufficient detail to demonstrate fulfillment of
>all the legal requirements for application of the privilege,
>his claim will be rejected.

Id.

The Court concludes here that National Union's privilege log is inadequate in many respects.  The Court was unable, without first spending significant time reviewing the documents *in camera*, to determine whether the protections from discovery applied.  Indeed, because of the rote repetition of the protections claimed, including the confusing use of "and/or" in the descriptions[1], the Court could not discern exactly which protection was being claimed with respect to each document or the basis therefor.  In addition, many of the document descriptions were inadequate.  For example, the description of a document as "General Note", with no identification of the author or recipients, is clearly inadequate.  See, e.g., Doc. Nos. AIG684,

---

[1] Nearly every entry on National Union's privilege log described the protection sought as follows: "Attorney-client privilege; opinion work product containing mental impressions of attorneys and/or representatives of insurer. *See Palmer by Diacon v. Farmers Insurance Exchange,* 261 Mont. 91, 861 P.2d 895 (1993)." This was particularly meaningless where the author and recipients of the documents were omitted.

AIG1099, AIG1103, AIG11036, AIG1146, AIG1649, AIG1714, AIG1717. Identifying a document as a "Memo regarding Tiffany Kephart" (see, e.g., AIG 0676-0678), or simply "Memorandum" (see, e.g., AIG1224) without identifying the author or recipient is also insufficient. Of even greater concern is that some of the descriptions were erroneous. For example, AIG0077-AIG0080 is a letter from Eric Bunn, not a letter from James Halverson as represented. More substantively, AIG1546-AIG1547 is described as "Letter to Barbara Southwell from Kids Behavioral Health" and attorney-client privilege is asserted. Actually, AIG1547 is a request by KBH, addressed to William Gilbert, for AIG to accept plaintiff's $345,000 settlement offer in the underlying case. It is unclear to the Court how the attorney-client privilege or, as claimed, "opinion work product containing mental impressions of attorneys and/or representatives of insurer" applies to this letter, and National Union's privilege log does not attempt to explain this. The privilege log is similarly deficient with respect to AIG1233 and AIG1244.

    Considering the deficiencies of National Union's privilege log, Kephart is correct that the Court could declare all of the claimed protections waived. See Trudeau v. New York State Consumer Protection Board, 237 F.R.D. at 335. In Trudeau, the Court concluded that this result would be too austere a remedy and the undersigned, having reviewed the voluminous documents

submitted, reaches the same conclusion.  The Court reminds counsel, however, that it should not be necessary for the Court or opposing counsel to guess at the basis for the claimed protection, nor at the substance of the documents for which protection is sought.  It should not be necessary for the Court to delay work on other cases in order to review voluminous documents that were not adequately described on a privilege log.  Rule 26(b)(5) requires no less.

As noted above, many of the documents at issue were produced in whole or in redacted form after the first motion to compel was filed.  Having reviewed the parties' briefs and the applicable law, the Court concludes that the following documents must be produced in unredacted form except that, where the names of other residents at KBH appear, said names shall be redacted.  If National Union later relies on advice of counsel as a defense in this action, more production may be necessary.  At this point, however, the Court concludes that National Union is still entitled to the attorney-client protection, where applicable. See USF&G v. Montana Second Jud. Dist., 240 Mont. 5, 12-13, 783 P.2d 911, 915-16 (1989); Palmer v. Farmers Insurance Exchange, 261 Mont. 91, 861 P.2d 895 (1993).  Because the mental impressions of National Union representatives are at issue is this case, the Court concludes that Kephart's need for this material is compelling.   *See* Holmgren v. State Farm, 976 F.2d

573, 577 (9th Cir. 1992).  Except as noted below, the motion to

compel is denied at this time.

Documents to be Produced:

077-080
183-186 (The redacted portion on page 185 has already been
disclosed.  See Exh. 1 to Plaintiff's Brief in Support of Second
Motion to Compel.)
189-190
192-193
301-310 (The redacted portion on 304-306 was produced by National
Union as Exh. 6, to its Brief in Opposition to the Motion to
Compel.)
422
625-627 (See note regarding 183-186 above.)
668-670 (See note regarding 183-186 above.)
673
969
1040
1099
1169
1176-1182 (except rates on 1181-1182 which may be redacted)
1199 (analysis re Kephart only, may redact remainder)
1202
1233
1244
1546-1547
1649-1650, except 2nd to last paragraph on 1650 which may be
redacted.
1748
1755-1756
1761

### III.  SECOND MOTION TO COMPEL

On June 20, 2007, Kephart filed a second motion to compel.

This motion seeks production of two "companion files" handled by

National Union concerning two other female KBH residents who

claimed they had been molested by Griffin.  Kephart Discovery

Request No. 35 seeks "claims files regarding the two female

patients of Childrens' Comprehensive Services ...relat[ing] to

B.C. (Claim Number 394-6440) and K.R. (Claim Number 394-6486)." National Union objected on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, and that discovery was protected by attorney-client privilege and work product doctrines.  National Union also objected that disclosure concerning individuals other than Kephart was protected by applicable state and federal privacy laws.

This motion to compel will be denied on several grounds. First, the request is overly broad.  Although it is clear that National Union at times considered these claims as "companion" cases, it is also clear that the cases involved separate claims and were handled individually.  Some of the documents heretofore produced demonstrate that to the extent these cases were intertwined, National Union already has produced such records.  A more narrowly tailored request for information pertinent to the handling of the Kephart matter could be fashioned.

The Court has concerns regarding the protected privacy of B.C. and K.R.  The parties agree that there are medical records and other very personal information in the requested files. Kephart has not made the necessary showings to overcome the privacy protections of other residents.

Accordingly, IT IS HEREBY ORDERED:

1.   Kephart's Motion to Compel (*Court's Doc. No. 28)* is

GRANTED IN PART and DENIED IN PART, as set forth herein; and

    2.  Kephart's Second Motion to Compel (*Court's Doc. No. 47*) is DENIED.

    DATED this 2nd day of August, 2007.

                              **/S/** *Carolyn S. Ostby*
                              Carolyn S. Ostby
                              United States Magistrate Judge